J-S05023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY LEE WILSON, | : | |
| | : | |
| Appellant | : | No. 902 WDA 2014 |

Appeal from the PCRA Order Entered May 12, 2014,
In the Court of Common Pleas of Warren County,
Criminal Division, at No. CP-62-CR-0000043-2010.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 04, 2015**

Appellant, Gregory Lee Wilson, appeals *pro se* from the order entered on May 12, 2014, in the Warren County Court of Common Pleas that denied his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the procedural history of this case as follows:

The Commonwealth charged [Appellant] at Warren County docket number CR 43 of 2010 with one (1) count of "Failure to Comply With Registration of Sexual Offenders Requirements", and at docket number CR 117 of 2010 with two (2) counts "Possession With Intent to Deliver [a controlled substance]," four (4) counts "Criminal Use of a Communications Facility," and one (1) count "Possession — Small Amount of Marijuana." On March 29, 2010, [Appellant] pled guilty to one (1) count "Failure to Comply with Registration of Sexual Offenders Requirement" at docket number CR 43 of 2010 and one (1) count "Possession With Intent to Deliver [a controlled substance]" at docket number CR 117 of 2010. The District Attorney moved to *nolle*

*prosqui* [sic] the remaining charges. This Court sentenced [Appellant] on April 16, 2010 at CR 43 of 2010, at Count one (1) to *inter alia* "stand committed to a State Correctional Institution for a minimum period of fifty (50) months to a maximum period of one hundred twenty (120) months," and at Count two (2) of CR 117 of 2010 to *inter alia*, "stand committed to a State Correctional Institution for a minimum period of fifteen (15) months to a maximum period of thirty (30) months, to run concurrently with the sentence entered at CR 43 of 2010."

[Appellant] filed a Motion for Reconsideration of Sentence which this Court denied on May 14, 2010. ... [Appellant] filed a pro-se "Motion for Post Conviction Collateral Relief" on April 26, 2010 and this Court subsequently appointed Joan M. Fairchild, Esquire as PCRA counsel on May 27, 2010. Counsel filed an "Amended Petition For Post Conviction Collateral Relief" on August 4, 2010. The Court issued an Order denying [Appellant's] PCRA petition on January 11, 2011. [Appellant] filed a timely Notice of Appeal as to his first PCRA [petition] on February 4, 2011. The Superior Court affirmed the decision of this Court on July 27, 2011. [Appellant] than filed a [*pro se*] "Motion For Arrest of Judgment" on September 7, 2012. [After determining that Appellant had been abandoned by counsel in his efforts to petition for allowance of appeal to the Pennsylvania Supreme Court, the PCRA court ordered counsel to petition for allowance of appeal in an order filed on September 11, 2012]. The Pennsylvania Supreme Court declined to hear [Appellant's] appeal [from the Superior Court's affirmance of the denial of PCRA relief] on July 2, 2013. [Appellant] filed a subsequent "Petition For Post Conviction Relief pursuant To The Post Conviction Relief Act" on March 21, 2014.

PCRA Court Opinion, 4/15/14, at 1-2.[1]

---

[1]  While not appearing in the docket entries or the record certified to this Court on appeal, the PCRA court, Appellant, and the Commonwealth note that Appellant filed a petition for writ of *certiorari* with the United States Supreme Court from the Pennsylvania Supreme Court's denial of allowance of appeal.  PCRA Court Pa.R.A.P. 1925(a) Opinion, 7/8/14, at 2; Appellant's Brief at 8; and the Commonwealth's Brief at 6.  Despite its absence from the certified record, we take judicial notice of the fact that the United States

In an order filed on April 15, 2014, the PCRA court notified Appellant of its intent to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court then dismissed Appellant's petition in an order dated May 12, 2014. This timely appeal followed.

On appeal, Appellant raises the following issues:

1. Whether the PCRA Court erred in denying appellant's petition brought pursuant to the Post-Conviction Relief Act (PCRA) as 'untimely' based on an 'erroneous' starting and ending point in the 'tolling' of appellant's first and subsequent PCRA Petitions.

2. Whether the PCRA Court erred in denying appellant's PCRA petition as 'untimely' by erroneously entertaining the First petition which was filed 'Prematurely.'

3. Whether the PCRA Court erred in dismissing appellant's Amended PCRA Petition as 'untimely,' which presented for the first time after-discovered claims of multiple instances of "Fraud Upon The Court" which are clear exceptions to the PCRA Rules.

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

---

Supreme Court denied Appellant's writ of *certiorari* on December 9, 2013. ***Wilson v. Pennsylvania***, \_\_\_ U.S. \_\_\_, 134 S.Ct. 788 (2013).

In the present case, all of Appellant's issues relate to his assertion that the March 21, 2014 PCRA petition, the denial of which underlies the instant appeal, should be considered timely. For the reasons that follow, we disagree.

The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). In order for a first or subsequent PCRA petition to be timely, a petitioner must file his PCRA petition within one year of the date his judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), are met.[2] A petition invoking one of these exceptions must be filed

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Here, Appellant correctly points out that the PCRA court erred in calculating the date upon which his judgment of sentence became final. As we explain in more detail below, Appellant's judgment of sentence became final on June 13, 2010, and not May 16, 2010, as the PCRA court stated. Appellant's Brief at 13; PCRA Court Opinion, 4/15/14, at 2. However, Appellant argues that his first PCRA petition, which he filed *pro se* while his counseled post-sentence motion was pending, was premature and allegedly tolled the period in which he could file a PCRA petition. Appellant's Brief at 17-22.

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's claims are meritless. Appellant ignores the fact that he was represented by counsel at all relevant times during the litigation of his first PCRA petition, despite the initial *pro se* filing of his first PCRA petition. Appellant fails to identify how his rights were affected by this premature *pro se* filing. The PCRA court appointed new counsel to represent Appellant in filing a counseled PCRA petition, and counsel, in fact, filed an amended petition on Appellant's behalf on August 4, 2010. The amended PCRA petition was timely, and the PCRA court held a hearing on the petition on December 17, 2010. Following the PCRA court's denial of PCRA relief on January 11, 2011, Appellant perfected a counseled appeal to this Court. Subsequent to this Court's affirmance of the denial of PCRA relief, Appellant filed a counseled petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 2, 2013; he ultimately filed a petition for a writ of *certiorari* that the United States Supreme Court denied on December 9, 2013.

Appellant fails to make any cogent argument as to how his premature *pro se* PCRA petition from 2010, or the PCRA court's misstatement regarding the date upon which his judgment of sentence became final, would result in his March 21, 2014 PCRA petition being timely. In the instant case, Appellant's judgment of sentence became final on June 13, 2010, thirty days after the trial court denied his timely post-sentence motion on May 14,

2010, and the date that the thirty-day period to file a direct appeal to this Court expired. ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa. Super. 2007) (citing 42 Pa.C.S. § 9545(b)(3) and Pa.R.A.P. 903(a)). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by June 13, 2011. Because Appellant's petition was not filed until March 21, 2014, it is patently untimely.

Additionally, we conclude that Appellant has failed to establish that any of the aforementioned exceptions to the PCRA's timing requirements apply. His voluminous filings and assertions notwithstanding, there is no basis upon which this Court can conclude that Appellant's March 21, 2014 PCRA was timely. Appellant's PCRA petition presented claims of fraud, ineffective assistance of counsel, and an unlawfully induced guilty plea; however, Appellant never addressed the untimely nature of his petition. PCRA Petition, Certified Record at 121.

Because Appellant's instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***See Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa.

J-S05023-15

Super. 2002) (holding that the Superior Court lacks jurisdiction to reach the

merits of an appeal from an untimely PCRA petition).[3]

 Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015

---

[3] Even if this Court were to deem Appellant's March 21, 2014 PCRA petition as having properly asserted a claim of after discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii), no relief would be due.  Appellant provided no basis in either his PCRA petition or his appellate brief upon which we could conclude that the issue concerning his premature *pro se* 2010 PCRA petition could not have been discovered with the exercise of due diligence and brought to the court's attention within sixty days of its discovery pursuant to 42 Pa.C.S. § 9545(b)(2).